

# FILED

MAY 29 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RACHEL JERNIGAN, | No. 12-15286 |
| Plaintiff - Appellee, | D.C. No. 2:08-cv-02332-GMS |
| v. | |
| PAMELA ELLIOTT, FKA Pamela Brock; RANDY MCLAWS, | MEMORANDUM[*] |
| Defendants - Appellants, | |
| and | |
| DAVID LANDGRAF; TOWN OF GILBERT; UNITED STATES OF AMERICA, | |
| Defendants. | |

| | |
|---|---|
| RACHEL JERNIGAN, | No. 12-15429 |
| Plaintiff - Appellee, | D.C. No. 2:08-cv-02332-GMS |
| v. | |
| PAMELA ELLIOTT, FKA Pamela Brock; RANDY MCLAWS, | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants - Appellants,

and

DAVID LANDGRAF; TOWN OF
GILBERT; UNITED STATES OF
AMERICA,

Defendants.

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted March 17, 2014
San Francisco, California

Before: TALLMAN and RAWLINSON, Circuit Judges, and GARBIS, Senior District Judge.[**]

Pamela Elliott (Brock)[1] and Randy McLaws (McLaws) appeal the district court's denial of summary judgment based on qualified immunity.

We have jurisdiction to review the denial of qualified immunity by way of an interlocutory appeal. *See Eng v. Cooley*, 552 F.3d 1062, 1067 (9th Cir. 2009).

---

[**] The Honorable Marvin J. Garbis, Senior District Judge for the District of Maryland, sitting by designation.

[1] During the relevant time period, Brock was known as Pamela Brock. The district court's Order and parties' briefs refer to her as Pamela Brock. For consistency, this disposition will also refer to her as Pamela Brock.

"The threshold question in determining whether an official is entitled to qualified immunity is whether the alleged facts, taken in the light most favorable to [Jernigan] show that the conduct violated a constitutional right." *Tennison v. City & Cnty. of San Francisco*, 570 F.3d 1078, 1092 (9th Cir. 2009), *as amended* (citation and footnote reference omitted).

To succeed on her claim under 42 U.S.C. § 1983, Jernigan "must show that [Brock and McLaws] acted with deliberate indifference to or reckless disregard for [her] rights or for the truth in withholding evidence from prosecutors." *Id.* at 1088. An officer who is not "subjectively aware" of the underlying facts upon which liability is predicated "cannot be said [to have] acted with deliberate indifference." *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1248 (9th Cir. 2010) (citations and footnote reference omitted). Even taking all facts and inferences in Jernigan's favor, the record is insufficient to demonstrate that Brock and McLaws were aware of Jernigan's arrest during the relevant time period. Without this knowledge, neither Brock nor McLaws could have been deliberately indifferent. *See id.* Accordingly, we reverse the district court's denial of summary judgment in favor of Brock and McLaws on qualified immunity grounds and remand for entry of judgment in their favor.

**REVERSED and REMANDED.**